IN RE CITY OF SAN BERNARDINO,
CALIFORNIA, Debtor,

California Public Employees'
Retirement System,
Appellant,

v.

City of San Bernardino, California,
Appellee.

Case No. CV 5:13–01952 DMG
Bankruptcy Case No. CV 6:12–28006 MJ

United States District Court,
C.D. California.

Signed 12/13/2013

Laura L. Buchanan, Stradling Yocca Carlson & Rauth PC, Santa Monica, CA, for Debtor.

## ORDER RE APPELLANT'S MOTION FOR LEAVE TO APPEAL AND MOTION REQUESTING CERTIFICATION FOR DIRECT APPEAL TO NINTH CIRCUIT

DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

This matter is before the Court on Appellant California Public Employees' Retirement System's ("CalPERS") motion for leave to appeal and motion requesting certification for direct appeal to the Unites States Court of Appeals for the Ninth Circuit. [Doc. ## 3, 6.] The Court held a

hearing on the motions on December 13, 2013.

Having duly considered the respective positions of the parties, the Court now renders its decision. For the reasons set forth below, the motion for leave to appeal is **GRANTED**, and the motion requesting certification for direct appeal to the Ninth Circuit is **DENIED** as moot.

## I.

## PROCEDURAL HISTORY [1]

On August 1, 2012, the City of San Bernardino ("the City") filed its petition for bankruptcy protection under chapter 9 of the Bankruptcy Code in the Central District of California. CalPERS filed objections to the City's eligibility for relief on two grounds: (1) the City did not "desire to effect a plan to adjust debts" pursuant to 11 U.S.C. § 109(c)(4); and (2) the City did not file the petition in good faith as required under 11 U.S.C. § 921(c).[2] At the request of the parties, the bankruptcy court did not set a discovery deadline or issue an order staying discovery.

At a status conference in April or May 2013, the bankruptcy court questioned whether there were any disputed material facts regarding the contested eligibility issues that would require formal discovery. In June 2013, the bankruptcy court suggested that the remaining issues could be addressed in a summary judgment motion. After CalPERS objected that additional discovery was required, the court directed CalPERS to brief the issue, setting the argument for the same date as the argu-

ment on the City's summary judgment motion.

On August 28, 2013, the bankruptcy court held a hearing on the City's motion for summary judgment on eligibility and CalPERS' motion for additional discovery and for summary judgment of a nonmovant under Fed. R. Civ. P. 56(d) and 56(f)(1). (Mot. for Leave at 6–7 [Doc. # 3].) On September 17, 2003, the bankruptcy court entered an Order granting the City's motion for summary judgment on eligibility, denying CalPERS' motion for additional discovery and summary judgment, and granting the City relief under chapter 9. (*Id.* at 7.) The court concluded that the discovery CalPERS sought was either irrelevant or, even if the court accepted the facts CalPERS alleged as true, they would not defeat summary judgment in favor of the City. On October 16, 2013, the court issued its Eligibility Opinion discussing its findings of fact and conclusions of law. (*Id.*)

On September 27, 2013, the bankruptcy court entered an order approving a stipulation by the parties to extend, pursuant to Federal Rule of Bankruptcy Procedure 8002(c)(2), CalPERS' time to file appeals from the court's orders. (*Id.*)

On October 25, 2013, CalPERS filed a motion for leave to appeal in this Court. [Doc. # 3.] On November 15, 2013, the City filed an opposition. [Doc. # 8.] On November 29, 2013, CalPERS filed a reply. [Doc. # 15.]

On October 22, 2013, CalPERS filed in the bankruptcy court a motion for certification of direct review of the court's eligi-

---

1. Unless otherwise noted, the facts are drawn from the "Factual Background" and "Procedural Background in Chapter 9" set forth in the bankruptcy court's eligibility opinion. (Bankruptcy Court Eligibility Opinion of October 16, 2013 [Doc. # 3; Doc. # 8–1, Exh. 1; Doc. # 9–1, Exh. 1].)

2. Initially another creditor—the San Bernardino Public Employees Association—also filed objections to eligibility, but it withdrew the objections before they were resolved by the bankruptcy court.

bility orders. (Mot. for Cert. at 5.) The bankruptcy court denied CalPERS' motion at a hearing on October 29, 2013. [Doc. # 9–1, Exh. 2.] The court reconsidered CalPERS' motion at a hearing on November 13, 2013, [Doc. # 9–1, Exh. 3], and denied the motion on November 15, 2013. [Doc. # 9–1, Exh. 4.]

On November 15, 2013, CalPERS filed a motion in this Court requesting certification for direct appeal to the Ninth Circuit. [Doc. # 6.] On November 22, 2013, the City filed an opposition. [Doc. # 9.] On November 29, 2013, CalPERS filed a reply. [Doc. # 13.]

On November 26, 2013, the Court received a Certificate of Readiness and Completion of Record with a copy of the docket from the bankruptcy court. [Doc. # 10.]

## II. JURISDICTION

In relevant part, 28 U.S.C. § 158(a) provides:

> [t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; [and]
>
> * * *
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

CalPERS contends that (1) the bankruptcy court's eligibility orders constitute final orders, and thus it may appeal them as of right under section 158(a)(1); (2) in the alternative, the eligibility orders should be subject to the collateral order doctrine established by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–57, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); and (3) in the alternative, if the Court construes the bankruptcy court's eligibility orders to be interlocutory, the Court should grant CalPERS leave to appeal under section 158(a)(3).

The City opposes CalPERS' motion for leave to appeal on the grounds that (1) the eligibility orders are not final orders; (2) the collateral order doctrine is not available; and (3) CalPERS has not met the standard for leave to appeal under section 158(a)(3).

## III.

## DISCUSSION

### A. The Bankruptcy Order Is Not A Final Order

The Ninth Circuit has considered whether a bankruptcy court's denial of a motion to dismiss a chapter 9 bankruptcy is a final order and held that such orders are not final. *In re City of Desert Hot Springs*, 339 F.3d 782, 787–92 (9th Cir. 2003), *cert. denied*, 540 U.S. 1110, 124 S.Ct. 1076, 157 L.Ed.2d 897 (2004). The *Desert Hot Springs* court noted that the Ninth Circuit had previously held that a bankruptcy court's denial of a creditor's motion to dismiss was not a final decision in the chapter 11 context, but "significant differences between a chapter 11 bankruptcy and a chapter 9 bankruptcy" changed the analysis in the chapter 9 context. *Id.* at 788–89. Specifically, the court noted that chapter 9 offers fewer protections to creditors than other chapters of the bankruptcy code. *Id.* at 789. Nonetheless, the *Desert Hot Springs* court found that the concern motivating earlier cases was "whether an order finally determines an issue in such a

way that addressing the issue later would not serve to prevent a party from suffering irreparable injury," *id.* at 790 (internal citations omitted), and the commencement of chapter 9 bankruptcy did not constitute irreparable injury:

> A court's denial of such a motion merely allows the municipality to proceed with the bankruptcy. We are not convinced that Congress's whole municipal bankruptcy statutory scheme is so skewed in favor of the municipality that the commencement of proceedings itself causes irreparable injury. To so hold would essentially say that a creditor's rights are determined before the bankruptcy process really begins. As discussed above, creditors do have less rights in a chapter 9 than in any other chapter but they still do have rights.

*Id.* at 790.

The Ninth Circuit identified some of the remedies available to creditors in a chapter 9 bankruptcy, including (1) "the right, under 11 U.S.C. § 362(d), to be granted relief from the automatic stay against enforcement of judgments," the denial of which is a final decision; (2) the ability to ask the district court to withdraw the reference to the bankruptcy court under 11 U.S.C. § 157(d); and (3) the ability to "ask the court to dismiss a case or suspend all proceedings if 'the interests of creditors and the debtor would be better served by such dismissal or suspension.'" *Id.* at 790, quoting 11 U.S.C. § 305(a)(1). Moreover, the court noted that if it appeared at some point that a debtor was failing to act in good faith, the bankruptcy court could dismiss the petition. *Id.*

CalPERS' arguments that *Desert Hot Springs* is inapplicable or distinguishable are unavailing. First, CalPERS appears to argue that the reasoning of *Desert Hot Springs* is inapplicable on the ground that under the bankruptcy law at the time that case was decided, the Ninth Circuit did not have jurisdiction over interlocutory bankruptcy appeals,[3] and thus, the court ultimately held that it did not have jurisdiction over the order at issue. *Id.* (Reply re Leave at 3 ("Thus, the fundamental foundation of the court's opinion—its concern over its jurisdiction—no longer exists.") [Doc. # 15].) CalPERS fails to explain why, in the absence of a certification of issues on appeal, the Ninth Circuit's finality analysis does not govern the circumstances in this case. The Court sees no reason to cabin *Desert Hot Springs* in the manner that CalPERS suggests.

Second, CalPERS contends that *Desert Hot Springs* "does not lay down a broad categorical rule" applying to all eligibility determinations in chapter 9 bankruptcy. (Reply re Leave at 3 [Doc. # 15].) CalPERS' argument is not supported by the language or the reasoning of the Ninth Circuit's opinion. The broad language of the opinion makes clear that its analysis was meant to apply to all chapter 9 cases rather than only the case before the court. *See, e.g., Desert Hot Springs,* 339 F.3d at 792 ("The denial of an objection to and a motion to dismiss a chapter 9 bankruptcy does not irreparably injure a party so that later addressing the issue would be futile. We therefore hold that *such a denial is not a final decision* and cannot be immediately appealed to this court.") (emphasis added); *id.* at 791 n.4 ("[W]e hold that chapter 9 supplies a creditor with adequate protections against irreparable harm ...."); *see also In re City of Vallejo,* 408

B.R. 280, 288 (9th Cir. BAP 2009) (citing *Desert Hot Springs* for the proposition that an appeal of a bankruptcy court's eligibility order is interlocutory). Moreover, as discussed, *supra*, the *Desert Hot Springs* court came to its conclusion based on reasoning that applies to *all* chapter 9 eligibility decisions, specifically, the court was "not convinced that Congress's *whole municipal bankruptcy statutory scheme* is so skewed in favor of the municipality that the commencement of proceedings itself causes irreparable injury." *Desert Hot Springs*, 339 F.3d at 790 (emphasis added). Finally, to the extent that CalPERS appears to suggest that a "hard and fast rule on eligibility orders" in the chapter 9 context would "eschew" the Ninth Circuit's pragmatic approach to finality in bankruptcy court cases (Reply re Leave at 4 [Doc. # 15]), *see In re Mason*, 709 F.2d 1313, 1318 (9th Cir. 1983), CalPERS' interpretation of the pragmatic approach is directly contradicted by the Ninth Circuit's observation in *Desert Hot Springs* that it adopted a "hard and fast rule" on eligibility orders in the chapter 11 context. *See Desert Hot Springs*, 339 F.3d at 788, citing *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374 (9th Cir. 1985) and *In re Rega Properties*, 894 F.2d 1136 (9th Cir. 1990). In

sum, *Desert Hot Springs* stands for the proposition that chapter 9 eligibility decisions are interlocutory orders, and CalPERS' attempts to distinguish it are unpersuasive.

Finally, CalPERS contends that the equitable mootness doctrine [4] could deprive it of Article III review of the bankruptcy court's eligibility orders, and the Ninth Circuit did not consider this issue in *Desert Hot Springs* because that case involved a single creditor, rather than thousands of creditors. (Reply at 5–9.) This argument is equally unavailing as it amounts to another variant of CalPERS' unsupported argument that *Desert Hot Springs'* holding was limited to the facts of the case, rather than to chapter 9 cases generally. While CalPERS contends that "arguments regarding equitable mootness ... would have been of little force" in *Desert Hot Springs* because the debtor in that case filed its chapter 9 petition to avoid a single creditor (Mot. for Leave at 5, 7 [Doc. # 3]), equitable mootness doctrine would apply in this case as it would in many, if not most, chapter 9 bankruptcy cases where the municipality has many creditors and a complex plan is anticipated. Although the Ninth Circuit presumably

4. Equitable mootness doctrine refers to the mooting of an appeal where a "comprehensive change of circumstances has occurred so as to render it inequitable for th[e] court to consider the merits of the appeal." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (internal citations omitted). The Ninth Circuit has noted that the doctrine of equitable mootness "has some sway in bankruptcy cases where public policy values the finality of bankruptcy judgments because debtors, creditors, and third parties are entitled to rely on a final bankruptcy court order." *Id.* In *In re Thorpe*, the Ninth Circuit adopted a "comprehensive test" similar to those developed by the Second, Third, and Fifth Circuits to determine if an appeal is equitably moot: (1) the court "look[s] first at whether a stay was sought, for absent that a

party has not fully pursued its rights"; and (2) where a stay was sought and not gained, the court looks to (a) "whether substantial consummation of the plan has occurred," (b) "the effect a remedy may have on third parties not before the court," and (c) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Id.* at 881. CalPERS contends that given the complexity of the instant appeal and the large number of creditors involved, there is a "very real threat of equitable mootness being applied against CalPERS," in contravention of Congress' intent to provide for appeals. (Reply re Leave at 8 [Doc. # 15].)

was aware of the equitable mootness doctrine,[5] it nonetheless broadly held that "chapter 9 supplies a creditor with adequate protections against irreparable harm" in order to distinguish chapter 9 appeals from orders denying motions to dismiss, from a denial of a motion to dismiss an involuntary chapter 7 petition, for which the Ninth Circuit found that approval of an involuntary petition finally determined the debtor's rights. *See Desert Hot Springs*, 339 F.3d at 790–91 & 791 n.4, distinguishing *In re Mason*, 709 F.2d 1313 (9th Cir. 1983).

While this Court understands and is not unsympathetic to the concerns animating CalPERS' equitable mootness argument, *Desert Hot Springs* controls this case and this Court is bound by it.

## B. The Collateral Order Doctrine Does Not Apply

■ The Court also rejects CalPERS' argument that the Court should apply the collateral order doctrine.[6] In *Desert Hot Springs*, the Ninth Circuit found that the collateral order doctrine was inapplicable because "[t]he same considerations which [led the court] to conclude that denying [the creditor] an immediate appeal causes no irreparable harm also [led the court] to conclude that the bankruptcy court's ruling is not 'effectively unreviewable on appeal from a final judgement [sic].'" 339 F.3d at 788 n.1, quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000). CalPERS again tries to distinguish *Desert Hot Springs* on the grounds that CalPERS "will likely suffer irreparable harm" *if* the equitable mootness doctrine is enforced. (Reply re Leave at 11 [Doc. # 15].) The Court rejects this analysis for the reasons previously articulated in its discussion of finality, *supra.*

In sum, applying *Desert Hot Springs* as the controlling precedent, this Court finds that the bankruptcy court's order is an interlocutory order, and the Court must determine whether to grant CalPERS leave to appeal.

## C. Motion for Leave to Appeal

■ CalPERS moves the Court to grant leave to appeal the bankruptcy court's interlocutory order under 28 U.S.C. § 158(a)(3). While neither section 158 nor the bankruptcy procedural rule governing motions for leave to appeal[7] provides stan-

---

5. Though the Ninth Circuit articulated a "comprehensive" equitable mootness test in *In re Thorpe Insulation Co.*, 677 F.3d at 880–81, the Ninth Circuit applied the equitable mootness doctrine well before its decision in *Desert Hot Springs. See, e.g., In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988).

6. Collateral order doctrine "allows courts of appeals to treat orders that are interlocutory in nature as final under 28 U.S.C. § 1291 if three conditions are met. The order must (1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the actions, and (3) be effectively unreviewable on appeal from final judgment." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387 (9th Cir. 1992), citing *Coopers & Lybrand v. Livesay*, 437 U.S.

463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

7. Federal Rule of Bankruptcy Procedure 8003(a) provides:

A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 14 days after service of the motion, an adverse party may file with the clerk an answer in opposition.

Fed. R. Bankr. P. 8003(a).

dards for a determination of whether leave to appeal should be granted, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") "looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district courts to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir. BAP 1995). As the Ninth Circuit treats the BAP's decisions as persuasive authority, *In re Silverman*, 616 F.3d 1001, 1005 n.1 (9th Cir. 2010), and the Court finds no reason to depart from BAP precedent here, the Court looks to the standards of section 1292(b).

Under section 1292(b), granting leave to appeal is appropriate where an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Ninth Circuit has construed section 1292(b) to constitute three separate requirements, specifically: (1) a controlling question of law; (2) on which there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982). Some courts have added an additional requirement that "[l]eave to appeal should not be granted unless refusal would result in wasted litigation and expense." *See In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. BAP 1994).

The Court addresses each of these requirements in turn.

## 1. Controlling Question of Law

The Ninth Circuit has held that a "controlling question of law" is one in which "the resolution of the issue on appeal could materially affect the outcome of litigation in the [trial] court." *In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1982); *see Conte v. Jakks Pac., Inc.*, 12–CV–00006, 2013 WL 246985, at *2 (E.D. Cal. Jan 22, 2013).

CalPERS identifies the following issues as the questions to be presented by its appeal:

Whether the bankruptcy court's entry of the order granting summary judgment in the City's favor is proper where:

(i) the City filed its Petition without any concept of a plan of adjustment;

(ii) the City filed its Petition without negotiating with any of its major creditors;

(iii) the City failed to explore any alternatives to bankruptcy;

(iv) a year after the City filed its Petition, [sic] had not even tasked someone with developing the basic terms of a plan of adjustment;

(v) the City failed to make meaningful financial information available to pre- and postpetition creditors during the course of its bankruptcy;

(vi) the City made significant prepetition preferential transfers prior to filing its Petition; and

(vii) the bankruptcy court denied CalPERS' request to obtain any discovery regarding the City's eligibility and good faith.

(Mot. for Leave at 7–8 [Doc. # 3].) In its statement of reasons why an appeal should be granted, CalPERS explains that these issues go to whether the bankruptcy court judge improperly interpreted the standards for eligibility—specifically the requirement under 11 U.S.C. § 109(c)(4) that a municipality "desires to effect a plan to

adjust its debts," [8] and the requirement under 11 U.S.C. § 921(c) that a chapter 9 petition be filed in good faith [9]—so as to "deprive[ ] the Bankruptcy Code's eligibility requirements of real meaning." (*Id.* at 8.)

The City contends that none of the issues raised by CalPERS are controlling questions of law as to which there is a substantial ground for difference of opinion, because the issues "involve fact issues, not controlling legal issues," the law does not require the City to engage in the actions identified by CalPERS, the bankruptcy court considered the issues CalPERS identified and rejected them, and/or the bankruptcy court found the issues to be irrelevant to its analysis. (Opp'n to Leave at 15–20 [Doc. # 8].)

■ The City's analysis misses the point. First, the issues presented by CalPERS are merely restatements of the facts that the bankruptcy court found to be uncontroverted for the purpose of the summary judgment motion on the City's eligibility. (*See* Bankruptcy Court Eligibility Opinion of October 16, 2013 at 13–15 (hereinafter "Eligibility Order").) Thus, they do not present questions of fact on appeal, as the City appears to contend. Second, CalPERS' issues go to how sections 109(c)(4) and 921(c) should be construed, issues for which—as CalPERS notes—there is no binding authority. (Mot. for Leave at 10 [Doc. # 3].) Thus, notwithstanding the City's conclusory assertions about what "the law does not require" (*see, e.g.,* Opp'n at 16 [Doc. # 8] ), at issue is precisely what the law does require. The fact that the bankruptcy court already considered the issues CalPERS raises or found the issues to be irrelevant to its consideration of eligibility does not necessarily mean that the law does not require different analysis or construction. As the bankruptcy court noted in a hearing on CalPERS' motion to certify its appeal of the eligibility decision to the Ninth Circuit:

> There is a side of me that would support the Ninth Circuit weighing in on these tricky definitions of desire and good faith, to give direction not only to cities in the State of California, but my guess is if the Ninth Circuit ruled, there would be citations of that circuit authority by

8. Section 109(c) provides that an entity "may be a debtor" under chapter 9 "if and only if" it meets five requirements: (1) it is a municipality; (2) it "is specifically authorized . . . to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter"; (3) it is insolvent; (4) it *"desires to effect a plan to adjust such debts"* and (5) it meets at least one of four additional requirements: (a) it has "obtained the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter"; (b) it "has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter"; (c) it "is unable to negotiate with creditors because such negotia-

tion is impracticable"; or (d) it "reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title." 11 U.S.C. § 109(c) (emphasis added).

9. Section 921(c) provides that "[a]fter any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor *did not file the petition in good faith* or if the petition does not meet the requirements of this title." 11 U.S.C. 921(c) (emphasis added). Courts appear to have uniformly construed the section 109(c) requirements to be mandatory despite the permissive language of the statute, and they have construed the good faith section to be permissive. 6 *Collier on Bankruptcy* ¶ 921.04[4] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2007). This Court expresses no opinion on these precedents.

bankruptcy courts around the country, because right now we're citing each other's opinions from the trial level because there's nothing else to look at, and . . . if there are some definitive rulings, it would give direction to potential debtor cities, as well as potential creditors in those proceedings, perhaps changing the landscape of how much the eligibility battle has become the war that it is . . . .

(November 13, 2013 Hearing on CalPERS' request for reconsideration regarding proposed order on certification, 124:25; 125:1–12 [Doc. # 8–1, Exh. 3].)

Here, the interpretation of sections 109(c)(4) and 921(c) are controlling questions of law because the resolution of these issues on appeal could result in the City being found ineligible for chapter 9 bankruptcy, thereby "materially affect[ing] the outcome of litigation in the [trial] court." *See In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1982).

## 2. Substantial Grounds for Difference of Opinion

■ Substantial grounds for difference of opinion exist where "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." The Ninth Circuit has clarified that "[a] substantial ground for difference of opinion exists were reasonable jurists *might* disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (emphasis added).

CalPERS does not contend that reasonable jurists have already disagreed about the meaning of the relevant provisions, but rather that there is no binding precedent and "reasonable jurists could differ in their interpretation of the 'good faith' and 'desire' eligibility requirements." (Reply re Leave at 15–16 [Doc. # 15].) The City responds that regardless of the "dearth of cases . . ., there are no substantial grounds for a difference of opinion" on the meaning of the two provisions," given that "the cases on what is sufficient for desire to effect a plan and good faith are all consistent, and Judge Jury's ruling is entirely within the four corners of such precedent." (Opp'n to Leave at 20–21 [Doc. # 8].)

■ The Court finds the City's reasoning unpersuasive. As an initial matter, courts considering eligibility for chapter 9 bankruptcy protection have widely divergent views about how the eligibility requirements should be applied. *Compare In re New York City Off–Track Betting Corp.*, 427 B.R. 256, 264 (Bankr. S.D.N.Y. 2010) ("Bankruptcy courts should review chapter 9 petitions with a jaded eye. . . . In light of [constitutional] concerns, bankruptcy courts scrutinize petitions for relief under chapter 9."), *and In re Sullivan, Cnty. Reg'l Refuse Disposal Dist.*, 165 B.R. 60, 82 (Bankr. D.N.H. 1994) ("The bankruptcy court's jurisdiction should not be exercised lightly in Chapter 9 cases, in light of the interplay between Congress' bankruptcy power and the limitations on federal power under the Tenth Amendment. Considering the bankruptcy court's severely limited control over the debtor, once the petition is approved, access to Chapter 9 relief has been designed to be an intentionally difficult task."), *with In re City of Vallejo*, 408 B.R. 280, 289 (9th Cir. BAP 2009) ("We construe broadly § 109(c)'s eligibility requirements 'to provide access to relief in furtherance of the Code's underlying policies.'" (quoting *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008))).

While courts applying section 109(c) have largely agreed that there is "no bright-line test . . . for determining whether a debtor desires to effect a plan because of the highly subjective nature of the inquiry," and debtors "may satisfy the sub-

jective requirement with direct and circumstantial evidence," *see, e.g., In re City of Detroit, Mich.*, 504 B.R. 97, 171 (Bankr. E.D. Mich. 2013), this provides little guidance as to the quantity and quality of evidence a debtor must provide of its intent, particularly in light of the paucity of controlling precedent. CalPERS appears to suggest that certain factors, such as whether the debtor considered alternatives to bankruptcy pre-petition, *must* be present for a municipality to be found eligible. (*See* Mot. for Leave at 8 [Doc. # 3].)

Similarly, courts have agreed that "[g]ood faith in the chapter 9 context is not defined in the Code and the legislative history of § 921(c) sheds no light on Congress' intent behind the requirement." Courts also have looked to analysis in the chapter 11 context for guidance, *In re County of Orange*, 183 B.R. 594, 608 (Bankr. C.D. Cal. 1995), but these cases again provide little insight into how the good faith requirement should be applied. Notably, some courts have found that they "must consider the broad remedial purpose of the bankruptcy code" in conducting the good faith analysis and it follows that there should be a "strong presumption in favor of chapter 9 relief" if the criteria of section 109 are met, *see, e.g., In re City of Detroit, Mich.*, 504 B.R. at 180. Yet, such reasoning relies on the premise that chapter 9 relief should be broadly available, which itself is the subject of substantial disagreement, as the court noted, *supra.*

While the Court expresses no opinion at this time about the appropriateness of the bankruptcy court's construction of section 109(c)(4) and section 921(c), it finds persuasive CalPERS' argument that substantial grounds for difference of opinion exist on these issues of statutory construction, which are of great public importance.

### 3. Materially Advance the Ultimate Termination of the Litigation

The City contends—without citing any authority—that CalPERS must prove "that resolution of a controlling legal question *would* serve to avoid a trial or otherwise substantially shorten the litigation." (Opp'n to Leave at 23 (emphasis added) [Doc. # 8].) This is an incorrect statement of the law. The Ninth Circuit recently noted that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal *have* a final, dispositive effect on the litigation, only that it '*may* materially advance' the litigation." *Reese*, 643 F.3d at 688, quoting 28 U.S.C. § 1292(b) (emphasis added). In *Reese*, the Ninth Circuit found that where reversal "may" remove a defendant and certain claims from the case, it was sufficient to materially advance the litigation. *Id.*

Here, CalPERS contends that resolution of the issues may materially advance the ultimate termination of the litigation if a different construction of the relevant sections results in a reversal of the bankruptcy court's eligibility decision. The City disagrees because it assumes that chapter 9 bankruptcy is a foregone conclusion and thus "CalPERS' appeal does not materially advance that process— it will only materially delay resolution of the bankruptcy proceedings." (Opp'n to Leave at 23 [Doc. # 8].) While the Court understands the dire position in which the City finds itself, as outlined by the bankruptcy court (*see* Eligibility Order at 2–6), chapter 9 has *mandatory* eligibility requirements which it must meet *or its petition will be dismissed.* Given that dismissal of the petition is a possible outcome, which would result in the termination of this litigation, the Court finds the third factor satisfied. Similarly, if the City were ultimately found to be ineligible for chapter 9 protection, refusal to grant CalPERS

leave to appeal "would result in wasted litigation and expense" of unnecessary bankruptcy proceedings. *See In re NSB Film Corp.*, 167 B.R. at 180.

For the foregoing reasons, the Court **GRANTS** CalPERS' motion for leave to appeal.

## D. Motion for Certification

CalPERS moves for certification of its appeal of the bankruptcy court's eligibility decision directly to the Ninth Circuit pursuant to 28 U.S.C. § 158(d)(2)(B).[10] [Doc. # 6.] The City argues that the Court cannot grant CalPERS' motion because CalPERS is unable to comply with the procedural requirements of section 158 and Federal Rule of Bankruptcy Procedure 8001, and these requirements are jurisdictional. (Opp'n to Cert. at 2, 4–6 [Doc. # 9].)

Under section 158, any request for certification by a party "shall be made not later than 60 days after the entry of the judg-

ment, order, or decree." 28 U.S.C. § 158(d)(2)(E). Pursuant to Rule 8001, "[a] request for certification shall be filed, within the time specified by 28 U.S.C. § 158(d)(2), with the clerk of the court in which the matter is pending." Fed. R. Bankr. P. 8001(f)(3)(A). Where appeal of an interlocutory order is at issue, "[a] matter is pending in a bankruptcy court until . . . the grant of leave to appeal under 28 U.S.C. § 158(a)(3)." Fed. R. Bankr. P. 8001(f)(2).

In this case, the bankruptcy court entered its order holding that the City was eligible for chapter 9 bankruptcy on September 17, 2013. The deadline for filing the certification motion was 60 days later on November 18, 2013. On October 22, 2013, CalPERs filed a motion for certification in the bankruptcy court. (*See* Mot. at 5.) On November 15, 2013, the bankruptcy court issued an order denying CalPERS' motion without prejudice[11] on the following grounds:

> The bankruptcy court initially denied CalPERS' motion without prejudice on the ground that the appeal was not ripe for review by the Ninth Circuit where the district court had not yet ruled on the motion for leave to file an appeal. (October 29, 2013 Hearing on CalPERS' certification request, 104:11–25; 105:1–15 [Doc. # 9–1, Exh. 2].) The court noted that it "expect[ed] [CalPERS] to renew the motion at the district court," and the court believed "that the questions of eligibility are issues that need to be addressed by an appellate court." (*Id.* at 105:16–18; 106:7–8.)
> The bankruptcy court reconsidered its initial ruling based on CalPERS' identification of circuit precedent in which the Ninth Circuit found it had jurisdiction over a case in a similar procedural posture. (November 13, 2013 Hearing on CalPERS' request for reconsideration regarding the proposed order on certification, 96:1–25; 97:1–24 [Doc. # 9–1, Exh. 3]). Discussing its reasoning about whether to grant the certification motion, the bankruptcy court indicated that it "prefer[ed] not to certify questions in this case" because it felt certification "will make the mediation

---

**10.** Section 158(d)(2)(B) provides that a bankruptcy court, district court, or bankruptcy appellate panel shall make a certification to the court of appeals if "on its own motion or on the request of a party" it determines that one of the following circumstances exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

28 U.S.C. § 158(d)(2)(A) & (B). Upon certification, the court of appeals shall have jurisdiction of appeals if it authorizes the direct appeal of the judgment, order, or decree. 28 U.S.C. § 158(d)(2)(A).

**11.** This was the second time the bankruptcy court denied the motion without prejudice.

Leave to appeal must be granted before this interlocutory order qualifies for Direct Appeal under § 158(a)(3). CalPERS has a Motion for Leave pending at [the] District Court. If this Court had granted certification, Cal[PERS] has proposed to also file a Motion for Leave in the 9th Circuit. This duplication is in [sic] inefficient and possibly may lead to inconsistent results. The better procedure is to allow the District Court to rule on the Motion for Leave first. If that is granted, CalPERS may request the District Court to certify the Direct Appeal.

(Bankruptcy Court Order of November 15, 2013 Denying CalPERS' Motion for Certification [Doc. # 9–1, Exh. 4].) On November 15, 2013, CalPERS filed a motion for certification in this Court. [Doc. # 6.]

Under Rule 8001(f)(2), this matter is not pending in this Court until the Court grants CalPERS leave to appeal, which the Court does in the instant Order. Under section 158 and Rule 8001, CalPERS' motion is not properly before the Court because the action was not "pending" at the time CalPERS filed the motion on November 15, 2013. The Court may not decide a motion not properly before it.

There is a separate question, however, as to whether the Court may consider CalPERS' motion once the matter is pending in this court. There is some authority to suggest that it may. See In re Frye, 389 B.R. 87, 90–91 (9th Cir. BAP 2008). ("If a petition for certification filed with the bankruptcy court has not been acted upon as of the date of Rule 8007(b) 'docketing,' the petition needs to be transmitted to the bankruptcy appellate panel or district court. If the bankruptcy court declines to certify an appeal, the petition may be renewed with the appellate tribunal once the appeal is 'docketed.' ").

The City contends that the 60–day requirement is jurisdictional and cannot be waived. (Opp'n to Cert. at 2, 5 [Doc. # 9].) CalPERS argues that (1) it timely filed its motion in the bankruptcy court, as required under section 158; (2) Rule 8001's requirement that the motion be filed in the court where the matter is pending is not jurisdictional; and (3) any technical non-compliance by CalPERS with Rule 8001 should be excused. (Reply re Cert. at 5–8 [Doc. # 13].)

The Court need not decide these questions. The Court agrees with the bankruptcy court that it would be helpful, in the absence of any binding authority construing section 109(c)(4) and section 921(c), for "the Ninth Circuit [to] weigh[ ] in on these tricky definitions of desire and good faith." (See November 13, 2013 Hearing on CalPERS' request for reconsideration regarding the proposed order on certification, 124:25; 125:1–12 [Doc. # 8–1, Exh. 3].) Under section 158, a district court "shall" make the certification if "on its own motion

---

process much more difficult," but at the same time the court noted the absence of controlling authority regarding interpretation of the provisions at issue and found "it would help everybody if we had a circuit's view on how high a bar ... eligibility [is] supposed to be." (Id. at 98:15–24; 101:22–23.)

The City argued that the bankruptcy court should exercise its discretion not to grant the certification motion and defer to the district court to decide the motion (1) out of deference to the district court; (2) for reasons of judicial economy; and (3) and to avoid the possibility of inconsistent decisions. (Paul R. Glassman, id. at 109:8–25;110:1–25;111:1–21; 118:21–25;119:2–17; 126:12–21, citing Simon & Schuster, Inc. v. Advanced Mktg. Serv., Inc., 360 B.R. 429 (Bankr. D. Del. 2007).) The bankruptcy court appeared to adopt the City's arguments in its order denying the motion for certification, finding that "[t]he procedure asserted by CalPERS, in this Court's view, is duplicative and not an efficient use of judicial resources." (Bankruptcy Court Order of November 15, 2013 Denying CalPERS' Motion for Certification [Doc. # 9–1, Exh. 4].)

..., [it] determines," *inter alia*, that the bankruptcy court order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." 28 U.S.C. § 158(d)(2)(A) & (B). Accordingly, the Court will issue the certification *sua sponte*.

## IV.

### CONCLUSION

In light of the foregoing, CalPERS' motion for leave to appeal is **GRANTED** and its certification motion is **DENIED** as moot.

**IT IS SO ORDERED.**